# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| GENE E. ASHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No.10-3163-CV-S-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the <u>Polaski</u> factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. <u>Haynes v. Shalala</u>, 26 F.3d 812, 814 (8th Cir. 1994).

<u>Discussion</u>

Plaintiff was born on June 18, 1962. He has a 12th grade education and has worked primarily in the industrial and maintenance fields. It is plaintiff's contention that he is disabled due to heart disease. In 2006, he was treated with a stent that also released medications into his heart. He returned to his cardiologist and his heart rhythm was controlled by electrical shock. The palpitations returned and he was prescribed medication. In December of 2006, another stent was implanted and, after he continued to complain of heart palpitations, a cardioverter-defibrillator was installed. He has also had arthroscopic surgery on his right shoulder in 2007, and arthroscopic surgery in 2008, to repair a tear in his left rotator cuff.

Regarding his daily activities, plaintiff testified that his normal day consists of watching the news on TV; doing a few dishes; some laundry; taking a shower, and playing with and feeding his dog. He then takes a nap, watches more TV and goes to bed early every day. He sometimes goes grocery shopping, but has a person go with him who finds the items so he doesn't have to walk as much. He has difficulty visiting his father because of the distance, and he does not go out to eat, do movies or things like that.

It was the finding of the ALJ that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since July 15, 2006, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Coronary artery disease, status

post congestive heart failure with severe cardiomyopathy and status post placement of 2 stents and pacemaker; obesity; and bilateral shoulder impairment (right impingement syndrome, status post decompression, and history of open repair of left shoulder dislocation (20 CFR 404.1521 *et seq.* And 416.921 *et seq).*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the following residual functional capacity. He is able to life and carry 5 pounds frequently and 10 pounds occasionally. He is able to sit 6-8 hours total during an 8-hour work day. He is able to stand/walk 2 hours total during an 8-hour work day. These limitations are secondary to coronary artery disease, obesity and possible side effects of medications. Secondary to possible decreased mobility and dizziness caused by medication, he is unable to perform work involving exposure to or climbing of significant unprotected heights, involving exposure to potentially dangerous, unguarded moving machinery or involving commercial driving. He is limited to work that is performed on an even surface and does not involve overhead reaching with either upper extremity. He is limited to work that allows alternation between sitting and standing (without leaving the work station) every 30 minutes. Secondary to his cardiac condition, he is limited to work that is performed in a climate-controlled environment reasonably free of environmental irritants. Secondary to possible distractions from medical conditions and symptoms experienced, he is limited to work that is simple and repetitive in nature (i.e., involves only 1, 2 or 3 steps), involves no public contact and no customer service and involves no teamwork and minimal interaction with co-workers and supervisors. He is, however, able to carry out work duties in proximity to co-workers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on June 18, 1962, and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. He became 45 years old on June 18, 2007, and is now considered to be a younger individual age 45-49 (20 CFR 404.1563 and 416.963.)

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant

is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P. Appendix 2).

10. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969 and 416.969a)

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2006, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

The ALJ credited much of plaintiff's testimony, however, the severity of his limitation was partially discredited. The ALJ relied upon plaintiff's daily activities, noting that plaintiff lived alone; took care of his own cleaning; did his own shopping once per week, and had taken up swimming for exercise. These activities were inconsistent with plaintiff's assertion that he just watched TV and cleaned house. The ALJ also noted that defendant was under no significant medical limitation with regard to activities and that his heart symptoms had been successfully treated.

Plaintiff asserts that the ALJ improperly discredited the testimony, based upon primarily an August 2006 functional report. The ALJ's findings noted above, however, refute that allegation. Plaintiff also argues that his heart disease was close to meeting the listed requirements of Section 404C. He contends that the ALJ should have obtained assistance from a medical expert, however, as defendant correctly points out, plaintiff has not displayed symptoms after his successful treatment in 2006. He has never had a restriction with regard to exercise and has successfully completed treadmill stress tests.

Plaintiff also argues that his heart disease may be medically equivalent to the requirements of a listing. However, plaintiff has not presented evidence to support his allegation

5

that he has a condition equal in severity and closely analogous to a listed impairment. There is adequate medical evidence in the record to support the ALJ's findings. The plaintiff does not have an impairment or combination of impairments that meets or equals one of the listed impairments. There is no requirement therefore that she seek additional medical evidence.

In determining the residual functional capacity, the ALJ clearly considered plaintiff's combination of impairments. Plaintiff's assertion that she failed to consider the effects of "claudication of the lower extremities" is without merit. In the entire medical record, there is only vague reference to this condition.

The ALJ properly elected vocational expert testimony and the hypothetical question employed is supported by the record as a whole.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

      /s/ James C. England  
      JAMES C. ENGLAND  
      United States Magistrate Judge

Date: June 27, 2011